RECEIVED

FEB 2 1 2012

TACOMA CITY ATTORNEY
CIVIL DIVISION

*via Jay*
*2253 accepted*
*Service accepted comor*
*by Chrysl comor*
*A.S.*

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| RICHARD V. MELVIN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>KURTIS KINGSOLVER, in his personal capacity and in his official capacity as Tacoma's Engineering Division Manager; RICHARD MCKINLEY, in his personal capacity and in his official capacity as Tacoma's Public Works Director, CIVIL SERVICE BOARD, a board of elected and appointed Tacoma officials, and CITY OF TACOMA, a Washington municipal corporation.<br><br>    Defendants. | NO.<br><br>SUMMONS |

**TO:    Kurtis Kingsolver, Richard McKinley, Tacoma Civil Service Board and The City of Tacoma**

A lawsuit has been started against you in the above-entitled Court by Plaintiff Richard V. Melvin.  Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within twenty (20) days (or 60 days

Summons                                            1

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

if you are served outside of the State of Washington) after the service of this Summons, excluding the day of service, or a Default Judgment may be entered against you without notice. A Default Judgment is one where the Plaintiff is entitled to what he ask for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to Notice before a Default Judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 21st day of February, 2012.

III BRANCHES LAW, PLLC


Joan K. Mell, WSBA # 21319
Attorney for Richard V. Melvin

Summons                                    2

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3branceslaw.com
253-566-2510 ph
281-664-4643 fx

RECEIVED

FEB 21 2012

TACOMA CITY ATTORNEY
CIVIL DIVISION

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| RICHARD V. MELVIN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>KURTIS KINGSOLVER, in his personal capacity and in his official capacity as Tacoma's Engineering Division Manager; RICHARD MCKINLEY, in his personal capacity and in his official capacity as Tacoma's Public Works Director, CIVIL SERVICE BOARD, a board of elected and appointed Tacoma officials, and CITY OF TACOMA, a Washington municipal corporation.<br><br>    Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND VIOLATION OF RIGHTS |

## I. JURISDICTION AND VENUE

1.1    The Court has jurisdiction over the subject matter and parties to this action.

1.2    Venue is proper in Pierce County Superior Court under RCW 4.12.020 and

RCW 4.12.025. Mr. Melvin's causes of action arose in Pierce County and the defendant City is

located in Pierce County. Pierce County Superior Court has concurrent jurisdiction over the

Mr. Melvin's constitutional claims brought under 42 U.S.C. § 1983 &

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Complaint for Damages                    1

1985.  See, *Haywood v. Drown*, 129 S.Ct. 2108 (2009) and *Robinson v. City of Seattle*, 119 Wn. 2d 34 (1992).

## II. PARTIES

### (Plaintiff)

2.1  Plaintiff Richard V. "Rick" Melvin is a resident of Pierce County, WA.  The City hired him on or about July 31st, 2003.

2.2  Tacoma's Public Works hired him into department G 431 and assigned him employee identification number 12743.

2.3  Tacoma did not require him to reside within the City limits.  He continuously resided in Lakewood throughout the course of his employment.

2.4  Mr. Melvin started as an Engineering Construction Coordinator for $30.81 per hour. Tacoma made him a permanent employee, giving him civil service rights.

2.5  In March of 2009, Tacoma implemented its classification and compensation study. Effective January 5th, 2009, Tacoma classified Mr. Melvin as a Construction Manager, Job Code 2043, at a pay rate of $42.78 per hour.  Tacoma classified the position permanent civil service. The position was not union represented.  The position number was designated 50006934.  The personnel area designation was 1130, Public Works, Employee subgroup 01, permanent classification.  A classified civil service position requires just cause to terminate.

2.6  Sometime in the first half of 2010 and at least by June, Defendants undertook reclassification of Mr. Melvin's position from Construction Manager in Public Works Construction Division to Project Manager in the Public Works Engineering Division.

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

2.7  On or about June 24, 2010, Defendants reclassified his position number 50006934 from classification code 20430 - Construction Manager to the same position number 50006934 with a new Classification Code 07200 - Project Manager Employee subgroup 06.  Defendants designated the subgroup classification for the Project Manager position "appointive."  Subgroup Class Code 01 means permanent, 06 means appointive, 08 means project.

2.8  Mr. Melvin did not test into this Project Manager position.  He never tested into a job previously during the approximately eight years he worked for Tacoma.  He promoted through reclassification of his position, from one permanent classified post to another.  His pay rate changed from $3,780.00 to $3,978.40 a pay period or hourly from $42.78 to $49.73.  His pay increased about $200.00 a pay period.

2.9  Mr. Melvin had no knowledge that defendants reclassified him from classified service (01) to unclassified service (06), taking away his rights to just cause termination and other civil service protections.

2.10  Appointive positions with Tacoma are not classified.  Defendants treated the Project Manager position as unclassified civil service and not classified civil service.

2.11  The Position Description form Mr. Melvin signed acknowledging this reclassification did not notify him that defendants were moving him out of civil service into an appointive position where he could be fired at-will.

2.12  The documentation from Mr. Melvin's personnel file indicates Mr. Melvin would not have known that defendants moved him into an unclassified position.  Mr. Melvin's P100 Personnel Transaction Record includes a signature line for the employee.  Defendants never asked Mr. Melvin to sign it.  The form shows text stamped on the

Complaint for Damages                    3

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

signature line that reads "Checked Nov 10 2010". The City's signature line reflects the signature of Rae Bailey, Construction Division Manager, dated about two and one half months earlier on August 27th, 2010.

2.13  On or about May 27th, 2011, defendants terminated Mr. Melvin without cause effective June 3rd, 2011.

2.14  Mr. Melvin properly filed a claim form with Tacoma pursuant to RCW 4.96 et seq, which is incorporated herein by reference.

2.15  Tacoma rejected his claim in writing dated December 13th, 2011, which is also incorporated herein by reference.

2.16  Mr. Melvin requested relief, to include reinstatement with the Civil Service Board on January 27th, 2012. His claim with the Board is incorporated herein by reference. The Civil Service Board was personally served and has not responded.

(Defendants)

2.17  Defendant Kurtis Kingsolver is named individually in his personal capacity and as the City official who conspired with Defendant Richard McKinley and other city officials including human resources to deprive Mr. Melvin of his position and reputation. Defendant Kingsolver is a city engineer who held the position of Engineering Division Manager. Defendant Kingsolver used his position for his own benefit and in the alternative acted within the course and scope of his employment as a public official for the benefit of Defendant Tacoma. Defendants actions were not in good faith. Defendants actions were under color of state law.

2.18  Defendant Richard E. McKinley is named individually in his personal capacity and as the City official who conspired with Defendant Kurtis Kingsolver and

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

other city officials including human resources to deprive Mr. Melvin of his position and reputation. Defendant McKinley was Tacoma's Public Works Director. Defendant McKinley used his position for his own benefit and in the alternative acted within the course and scope of his employment as a public official for the benefit of Defendant Tacoma. Defendants actions were not in good faith. Defendants actions were under color of state law.

2.19 Defendant Civil Service Board is a five member board established and operating under the powers set forth in Tacoma's charter. Three resident members are elected by qualified electors, one is appointed by the classified civil service employees, and one is appointed by the City Manager and the Director of Public Utilities. Defendant Board acted or failed to act under color of state law.

2.20 Defendant City of Tacoma is a municipal corporation located in Pierce County. Defendant City of Tacoma is a first class city that has enacted its own charter for purposes of local self-government. Its municipal powers are restricted by the limitations described in its Charter, state law, and the Constitution, both federal and state. Defendant City acts by and through its officials, boards, and employees. Defendant Tacoma acted under color of state law.

2.21 As expressed in its City Charter Section 6.2, Tacoma divides civil service into classified and unclassified services. The classified services shall comprise all positions not specifically included in the unclassified service.

2.22 Unclassified services is limited to specific itemized exceptions set forth at City Charter Section 6.1 Subsections (a) through (i).

2.23 Tacoma equates unclassified service to at-will employment. Classified civil servants may not be discharged except for cause. City Charter Section

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

6.14 subsection (10).

2.24  In 2004, Tacoma's Council rejected any expansion of its unclassified service.  The

Charter Review Committee heard concerns that a large number of classified positions had been

moved into unclassified status over the past ten years, particularly in the engineering division.

The Review Committee's materials indicated an increase from 304 appointive positions in 1994

to 588 appointive positions in 2004.  The Committee recommended the Council consider

investigating the issue, which the Council did not do by any formal proposal.

2.25  At the same time, the Council rejected the Charter Review Committee's proposal to

add an additional subsection (j) to the Charter to further expand unclassified civil service.

Amendment "(j)" would have allowed for unclassified positions below the department head

level, such as the mid level non-supervisory Project Manager and Construction Manager

positions held by Mr. Melvin.  If the City had adopted this measure, it would evidence the City's

interest in expanding unclassified service.  The City's rejection of this measure evidences the

City wanted to limit unclassified service to those positions specifically included in the

unclassified service as a matter of public policy.  The existing unclassified service in particular

Subsection (d) applies to high ranking officials at the level of the department head.  Mr. Melvin

never promoted to the department head level, nor did he directly report to a department head.

2.26  Classified civil service is a merit system designed to promote longevity in service

free from undue political influences associated with elected officials and public office.  The

system discourages hiring and promoting based upon patronage, cronyism, or nepotism.

2.27  City Charter Section 6.1 Subsection (d) exempts a principal officer or assistant to

department heads as the Council may prescribe by the affirmative vote of

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

not less than six members.  Tacoma refers to this unclassified service as "appointive", and subject to termination at-will, although Tacoma's charter and ordinances do not expressly reference appointive positions as unclassified service or at-will employment.  Under the charter there is simply classified and unclassified service.  Classified civil servants have civil service protections, which includes just cause termination.

2.28  Tacoma relies upon its Charter Section 6.1 subsection (d) regarding unclassified service to deny Mr. Melvin's claim.  Tacoma claims a Project Manager is a principal officer or assistant to a department head, although the Ordinance that created the position is silent and does not specifically designate the Project Manager position as unclassified service under City Charter Section 6.1 Subsection (d).

2.29  In May of 2000, the Council amended its ordinance to create a new appointive classification of Project Manager Class code 0720.

2.30  The enacting ordinance, Ordinance 26635, and Ordinance Disclosure before the Council make absolutely no reference to the reason for the position or why the position was needed.  There is no reference to a Project Manager working for Public Works or for any particular department head.

2.31  Tacoma employs Project Managers in personnel areas other than in Public Works.

2.32  From the legislative history, it is apparent that the Council failed to prescribe any department head to whom a Project Manager would report or that the position must be a principal officer or assistant to a department head as required under Tacoma's Charter Section 6.1 Subsection (d) to exempt the position from classified service.  The Council did not limit the position to persons serving as a principal officer or assistant to a

Complaint for Damages                          7

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

department head.

2.33  The Council did not adopt any class specification for Project Manager when it created the classification in 2000 as required by Tacoma Municipal Code 1.24.300 and .310(C). Nine years later in 2009, Tacoma created a classification specification for Project Manager.

2.34  The classification specification identifies a bachelor's degree in public or business administration or related field as a requirement for the position.  Mr. Melvin did not have a bachelor's degree.

2.35  The classification specification and position description form does not direct the Project Manager to assist any department head or take direction from a department head as the department head's principal officer.  In fact, the position description form directs the Project Manager to seek input and direction from municipal customers, department and division managers, the City Manager, and the City Council.

2.36  The position description form identifies an assistant division manager, Susan O'Neill, as the Project Manager's supervisor and notes that the Project Manager is neither a manager or a supervisor.  Susan O'Neill was not a department head.

2.37  Tacoma's charter and ordinances do not authorize reclassification of a classified civil servant into an unclassified civil servant position, particularly without notice or any opportunity to be heard.

2.38  The City Charter at Section 6.14 (c)(9) requires civil service and personnel rules to provide for reinstatement in a position of the employee's former classification when the employee is promoted to and later demoted from an appointive position in the unclassified service.

Complaint for Damages                           8

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

2.39  Tacoma's Personnel Rules at TMC 1.24.870 require an appointing authority, with the approval of the Personnel Director, grant leave of absence without pay, to a permanent employee without limitation as to time to enable him to take an appointive position in the City Service.

2.40  Defendants did not offer Mr. Melvin any relief when defendants separated him from civil service through reclassification and denied him reinstatement to his former or a similar position in the same class and grade.

2.41  In 2009, Tacoma employed two people as Project Manager in Public Works, Thomas Rutherford and Joshua Clarke.  Both were Project Managers when Mr. Melvin was reclassified as a Project Manager and both remained Project Managers after Mr. Melvin was terminated.

2.42  Mr. Rutherford's code classification is project (08).  He has always been a project employee.

2.43  Mr. Clarke's code classification is appointive (06).  Previously his code classification was permanent (01) when he was an Engineering Construction Coordinator in 2008.

2.44  Mr. Melvin's Project Manager position remains vacant and has not been eliminated.  His Project Manager position's code classification is still noted as appointive (06).

2.45  The only other person to hold the position of Project Manager in Pubic Works was George Jackson.  He temporarily worked as a Project Manager in 2006, taking a leave of absence from his classified position.  The City returned him to permanent status as an Associate Construction Manager when he was no longer needed as a Project

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Manager.

2.46  Tacoma offered and approved other public officials such as John Stetson and James Parvey taking a leave of absence to guarantee them a right to return to permanent classified service when they accepted an appointive position.  John Stetson took an indefinite leave of absence from his permanent post to act as Assistant Public Works Director for an unlimited duration.  Similarly, James Parvey accepted indefinite appointment to Principal Engineer while on leave of absence.

2.47  Defendants never disclosed to Mr. Melvin that defendants reclassified his position from permanent to appointive.

2.48  Defendants never offered or discussed with Mr. Melvin his right to an indefinite leave of absence when defendants reclassified his position.

### III. FACTS

3.1  Mr. Melvin left the private sector taking a reduction in pay to join Tacoma's civil service about nine years prior to bringing this action.

3.2  His experience included working productively for private construction companies as a Project Superintendent.

3.3  He has some college education in business and a certificate in construction management from the University of Washington Extension program and is a Designated Design Build Professional from the Design Build Institute of America (DBIA).

3.4  Prior to becoming a Tacoma civil servant, Mr. Melvin did not not have civil service experience.  When he hired on and promoted to a permanent position, he understood he could not be terminated at will.  He worked in protected classified civil service for

Complaint for Damages                    10

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

years.  He believed he was entitled to just cause termination when defendants terminated him at-will.

3.5  Throughout the course of his civil service, Mr. Melvin did not receive any negative or poor performance evaluations.  He promoted more than once without testing and had a positive working relationship with his supervisors Tina Nelson and Rae Bailey for years.

3.6  Only one supervisor, defendant Kingsolver, formally and negatively scrutinized Mr. Melvin's performance.  On or about January 28th, 2010, defendant Kingsolver issued Mr. Melvin a written reprimand regarding "Professional Conduct," that threatened future termination over a use of a parking permit.

3.7  Defendant Kingsolver favored loyal employees such as Tom Rutherford who he hired in 2008 into a temporary Project Manager position slated to continue until November of 2013.  In the private sector, Tom Rutherford employed James Parvey who is Defendant Kingsolver's boss at Tacoma.   Defendant McKinley is James Parvey's boss.  Defendant McKinley down through his chain of command though Parvey and to Defendant Kingsolver facilitate cronyism in direct contravention to civil service and Tacoma's charter.

3.8  Mr. Melvin never promoted to a level where he reported directly to a department head.  When he was terminated, his direct supervisor was Assistant Division Manager Susan O'Neil.

3.9  Mr. Melvin did not have any controlling authority over anyone he worked with during his tenure as Project Manager, other than his administrative assistant, Tina Dunn, who was a project hire for the Cheney Stadium project.   He did not lead or manage a team of planners, engineers, or other professionals.  He was not considered the

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

direct supervisor to planners, engineers, or other professionals.  He was not a manager or a supervisor.  He managed construction projects such as the Cheney Stadium Design Build project, Chinese Reconciliation Park, and other construction jobs as assigned.

3.10  When defendants reclassified Mr. Melvin, he did not do any work substantially different from the work he performed as Construction Manager, a classified position.  His direct supervisor shifted on paper from the construction division to the engineering division, but he had already been working for years for the engineering division on loan from the construction division.  He continued to perform basically the same job duties and responsibilities.

3.11  Mr. Melvin thought defendants changed his classification so that the construction division did not have to supervise him when he was not working there any way and to bring his salary into alignment with his co-workers.

3.12  Mr. Melvin was not a project hire, his position was never limited in duration like project hires.  Human resources never coded him a project hire.

3.13  Mr. Melvin worked aggressively on the Cheney Stadium Design Build project.

3.14  During the project, various public works professionals attempted to direct resources to projects or concepts that would have delayed the project or exceeded the approved budget.  He pushed back on these types of requests, which he understood made him unpopular.

3.15  The Council approved a contract with a developer for approximately twenty-six million dollars.  The project total amount was $30 million dollars.  The terms of the bond sale used to generate the revenue and the lease with the Rainier Baseball Club required that the entire $30 million dollars be spent on the the project.  Two weeks ahead of schedule, on or about April 13th, 2011, the project was completed in time for opening season.  No

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

penalties were imposed for running over schedule.  However, the contractor billed approximately

$800,000.00 over the contracted $26 million for change orders, abatement, and remediation not

covered by the original contract price.  Tacoma's Council had not individually approved each and

every change order or additional charge.  The total did not exceed the full $30 million dollars

appropriated for the project and previously approved by the Council for the project.

3.16  Mr. Melvin brought the project in on time and under budget.   He understood that

the full $30 million dollar bond appropriation had to be spent on the project.  His supervisors

approved each action and were fully informed about the approximate $800 thousand.

3.17  Councilmembers questioned the expenditures and the media began to cover the

issue.

3.18  Long before the Council hearing, scheduled initially early in June, Mr. Melvin

asked City Manager Eric Anderson to let Mr. Melvin brief the Council on the design build

process, to explain contingencies, and to explain the spending decisions and the budget, which

were new to Tacoma and different from lowest bid projects.  The City Manager refused to allow

Mr. Melvin to speak to the Council.  Anderson commented to the effect that it would be a waste

of time and the Council would not understand it anyway.   He directed Mr. Melvin not to discuss

the matter.

3.19  On or about May 31st, 2011 the week before the Council hearing on approval of the

expenditures, defendant McKinley placed him on a leave of absence and terminated him

effective June 3rd, 2011.

3.20  Defendant Kingsolver told Mr. Melvin that the reason he was being terminated was

that the project was completed and his services were no longer needed.

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

3.21  The hearing before the Council was continued until July.  At that time, Defendant McKinley told the Council in response to questions about his department keeping the Council in the dark that staff should have been more clear about the cost of the extra features.

3.22  Defendants Kingsolver and McKinley fired Mr. Melvin to detract the political heat away from themselves and for reasons not amounting to just cause.

3.23  Prior to his termination at-will, and unbeknownst to Mr. Melvin, defendants reclassified his employment as appointive the year prior to terminating him and within months of Mr. Melvin objecting to his written reprimand from Defendant Kingsolver over the parking permit.

3.24  Defendants failed to grant him a leave of absence as required for him under the civil service personnel rules.

3.25  Mr. Melvin sought reinstatement to the classified service.  Defendant Tacoma denied his claim and defendant Board refused to respond to his claim.

3.26  Mr. Melvin has suffered harm.  He has suffered physically and emotionally.  He has suffered lost income in the past and in the future.  He has suffered economic and non-economic losses.

3.27  Mr. Melvin exhausted any and all available administrative remedies.

IV. CAUSES OF ACTION

(State Law Claims)

WRIT OF MANDATE

4.1  Pursuant to RCW 7.16, Mr. Melvin seeks a writ of mandate restoring his classified civil service rights wrongfully withheld from him by defendants.

Complaint for Damages                    14

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

4.2  Mr. Melvin has reversionary rights to classified city service, enforceable against

defendants, which defendants refuse to restore.

4.3  Mr. Melvin further requests defendants be enjoined from any further violation of his

classified civil service rights.

### DECLARATORY JUDGMENT

4.4  Pursuant to RCW 7.24, Mr. Melvin seeks a declaratory order finding his civil service

rights were violated.  Specifically that he was not properly classified in an appointive position;

that he was not given proper notice or any opportunity to accept appointive status; that he did not

voluntarily waive his classified service protections to include just cause termination; that he has

reversionary rights to his classified civil service position of Construction Manager or a similar

position; and that he be reinstated.

4.5  Mr. Melvin has a bona fide dispute with Tacoma regarding his status as a classified

employee.

4.6  A court determination would terminate any uncertainty as to his status and

reinstatement would terminate the controversy over future earnings and would mitigate his

damages with regard to his contract and tort claims and remedies.

### WRONGFUL TERMINATION

A.      *Tort Claims - Fraudulent Misrepresentation, Negligence, Outrage, Tortious Interference,*
        *Wrongful Discharge In Violation of Public Policy*

1.      **Fraudulent Misrepresentation:**

4.7  Defendants falsely represented Mr. Melvin as an-will employee without reversionary

rights to classified civil service.  Defendants misrepresented his position

and misclassified his position in order to induce Mr. Melvin to abandon

Complaint for Damages                    15

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

his job-related rights.  Plaintiffs secretly reclassified Mr. Melvin, so that they could terminate him without just-cause.  Specifically, his rights to classified civil service.

4.8  Defendants knew and/or acted with reckless disregard of the truth.  Defendants omitted any reference to an appointive status when defendants reclassified his position.

4.9  Defendant engaged in this subterfuge and misrepresented the reclassification as a promotion for purposes of inducing Mr. Melvin to continue his employment and finish the Cheney Stadium Project.

4.10  Mr. Melvin did continue his employment, finishing the Cheney Stadium Project on time and within budget, with the expectation that his employment with Tacoma would continue uninterrupted in the classified service.

4.11  Mr. Melvin justifiably relied upon defendants representations about the status of his employment to continue working.  In addition, he relied upon defendants' misrepresentations regarding his at-will status to forgo immediate civil service review of his termination and question why defendants failed to place him on an unpaid leave of absence at the time he was reclassified.

4.12  As a direct and proximate result of defendants misconduct, Mr. Melvin has been damaged all in an amount to be proven at the time of trial.

2.    **Negligence:**

4.13  Defendants have a duty to carry out its statutory obligations regarding classified civil service.  Defendants have a duty to properly process all personnel actions regarding Mr. Melvin in a manner that does not violate the Charter or code and that protects Tacoma's express public policy in favor of classified civil service.

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

4.14  Defendants breached their duties when it terminated Mr. Melvin as an at-will employee and denied him all of his rights as a classified civil service employee to include reinstatement to his position of Construction Manager or a like position.

4.15  As a direct and proximate result of defendants negligence, Mr. Melvin has been damaged all in an amount to be proven at the time of trial.

3.      **Outrage:**

4.16  Defendants' surreptitious misclassification of Mr. Melvin and subsequent refusal to recognize his claims to classified service amounts to extreme and outrageous misconduct. Defendants using Mr. Melvin as the fallout staff and suggesting he was responsible for any miscommunications to the Council regarding the Cheney Stadium budget is extreme and designed to cause emotional distress.

4.17  Defendants outrageous misconduct did cause emotional distress.

4.18  As a direct and proximate result of defendants misconduct, Mr. Melvin has been harmed all in an amount to be proven at the time of trial.

4.      **Tortious Interference:**

4.19  Defendants McKinley and Kingsolver intentionally and/or negligently interfered with Mr. Melvin's contractual interests and business expectancies in classified civil service with Tacoma.

4.20  Defendants McKinley and Kingsolver were not parties to Mr. Melvin's employment rights and business expectancies when acting outside the scope of their authority, but they were aware of Mr. Melvin's rights to classified civil service protections, including just cause termination and reversionary rights.

Complaint for Damages                17

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

4.21  Defendants McKinley and Kingsolver classified Mr. Melvin into an appointive position without disclosing that they had taken away his just cause benefits in exchange for a few hundred dollars in additional income, which they never intended to continue to pay him. Defendants deliberately changed his employment status so that they could terminate him as soon as the Cheney Stadium Project was completed without just cause.  Defendants deliberately did not offer or ensure that he was placed on a leave of absence as required by the personnel rules. Defendants took such action for personal reasons and to promote cronyism and favoritism or loyalty to them to help their careers.  Defendants had improper reasons and used improper means to interfere with Mr. Melvin's rights.

4.22  As a direct and proximate result of Defendant McKinley and Kingsolver's misconduct, Mr. Melvin has been damaged all in an amount to be proven at the time of trial.

5.     **Wrongful Discharge in Violation of Public Policy:**

4.23  Under state law, any classified employee having civil service status in a classified position who accepts an appointment in an exempt position shall have the right of reversion to the highest class of position previously held, or to a position of similar nature and salary. RCW 41.06.070 (3).  The miscellaneous provisions of the statutes applicable to Cities and Towns cross reference this state civil service title.  RCW 35.21.390.  Tacoma's Charter Section 6.14 (c) (9) requires its civil service and personnel rules provide for reinstatement within two years of persons who without fault or delinquency on their part are separated from the service, and for the reinstatement in a position of their former classification of employees promoted to and later demoted from appointive positions in the unclassified service.  Tacoma's personnel rules obligate the appointing authority with the approval of the Personnel Director grant

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

a leave of absence without pay to a permanent employee to take an appointive position for an

indefinite period of time. TMC 1.24.870. The personnel rules require the Civil Service Board

investigate and pass on any claim for a position by a person deprived of a position within ten

days of the claim. TMC 1.24.960.

4.24 Defendants removed Mr. Melvin from the classified civil service without notice.

Defendants failed to place him into a leave of absence status. Defendants then terminated him at

will and without just cause. Defendant Board received Mr. Melvin's claim for reinstatement to

his former position and failed to investigate or act on his claim for position. Defendants denied

his claim. Defendants set Mr. Melvin up for termination and then carried it out under the

unlawful pretext of at-will termination for political reasons and because Mr. Melvin questioned

Defendant Kingsolver's written reprimand, and because Mr. Melvin wanted to speak to the

Council about the expenditures on the Cheney Stadium Project that he was assigned, and because

Mr. Melvin spoke out in opposition to add on expenditures to the project that would have

delayed the project or caused cost overruns.

4.25 Defendants' misconduct violates the public interest in a merit system of

employment free from undue political influence and cronyism, nepotism, and other hiring of

individuals without sufficient qualifications or credentials to perform their official duties in the

best interests of the public.

4.26 Defendants' misconduct promotes favoritism. Defendants' misconduct violates

public policy.

4.27 Defendants wrongfully terminated Mr. Melvin and failed to reinstate him.

4.28 As a direct and proximate result of defendants' misconduct,

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Complaint for Damages                  19

Mr. Melvin has been harmed all in an amount to be proven at the time of trial.

B.   *Contract Claims - Breach of Employment Contract, Breach of Covenant of Good Faith and Fair Dealing, Promissory Estoppel*

1.   **Breach of Contract:**

4.29  Defendants promised Mr. Melvin civil service rights and benefits when it hired him into the permanent civil service.

4.30  Mr. Melvin accepted defendants' promises when he went to work for Tacoma in a permanent classified civil service position.

4.31  The promises of the parties were supported by sufficient consideration to include forgoing other job opportunities as well as acceptance of the salary and benefits associated with classified civil service.

4.32  Defendants breached their promises when, among other things, they misclassified the Project Manager position, failed to develop a proper classification specification, and then later reclassified Mr. Melvin into an appointive position without notice and without protecting his reversionary rights as required under the Charter and personnel rules.  Defendant Board further breached its duties and responsibilities when it failed to establish personnel rules requiring notice for any transfer out of civil service and when it failed to investigate and reinstate Mr. Melvin as he requested.

4.33  As a direct and proximate result of defendants' breaches of their contractual obligations, Mr. Melvin has been damaged all in an amount to be proven at the time of trial.

2.   **Breach of Covenant of Good Faith and Fair Dealing:**

4.34  Mr. Melvin accepted Tacoma's promise of classified civil

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

service employment to include just cause termination and reversionary rights to classified

service.  He served for years with the expectation that he had these rights and benefits.

4.35  Defendants terminated Mr. Melvin at-will and without just cause or reversionary

rights.

4.36  Defendants decision to terminate Mr. Melvin at-will without reverting him to

classified service breaches the implied covenant of good faith and fair dealing.  Defendants

decision to reclassify Mr. Melvin out of classified service without notice to him and without

placing him on a leave of absence further violates defendants duties of good faith and fair

dealing.

4.37  As a direct and proximate result of defendants wrongdoing, Mr. Melvin has been

damaged all in an amount to be proven at the time of trial.

3.  **Promissory Estoppel**

4.38  Defendant Tacoma promised Mr. Melvin classified civil service with all of the

rights and benefits that attach to classified civil service.

4.39  Defendant Tacoma knew and had reason to know that Mr. Melvin relied upon his

classified civil service rights to continue his employment with Tacoma.

4.40  Mr. Melvin did rely upon his classified civil service rights by speaking out and

questioning the directives of his supervisor's and colleagues on matters directly affecting the

public's interest in timely and cost effective contract compliance with construction projects.

Mr. Melvin did not seek outside employment in other public sector or private sector positions

that offered higher wages.

4.41  Justice may only be avoided by enforcing Tacoma's the

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

rights and benefits promised to classified civil service employees.

4.42  As a direct and proximate cause of defendant Tacoma's misconduct, Mr. Melvin has been harmed all in an amount to be proven at the time of trial.

(Federal Constitutional Claims)

42 U.S.C. § 1983

4.43  Defendants, acting under color of state law, subjected and caused to be subjected Mr. Melvin to a depravation of his federally protected constitutional rights.

4.44  Defendants violated Mr. Melvin's constitutional rights, specifically his rights to substantive and procedural due process, which is inclusive of free speech and the right to seek redress, equal protection, and privileges and immunities.

4.45  Mr. Melvin has a constitutionally protected property interest in his employment with Tacoma as he was hired into the permanent classified civil service.  Classified civil service is entitled to just cause termination under Tacoma's Charter Section 6.14 Subsection (c)(10).

4.46  Mr. Melvin has a constitutionally protected life or liberty interest in his professional reputation and his professional good will as well as his ongoing employment in Tacoma's classified civil service.

4.47  Defendants engaged in misconduct as described in the factual summary that amounts to more than mere negligence.  Defendants acted intentionally and or with reckless disregard of Mr. Melvin's rights.  Defendants misconduct was both arbitrary and shocking in a constitutional sense.

4.48  Defendants arbitrarily and capriciously created the position Project Manager. Tacoma's Ordinance 26635 fails to set forth any reasons for the Project

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Manager classification.  Defendant Tacoma failed to articulate any reason for creating a new

classification titled Project Manager in its Request for Ordinance.  Defendants failed to create the

required classification specifications for the position for approximately nine years.  Defendants

failed to restrict the Project Manager position to the criteria set forth in the charter for

unclassified service.  Ordinance 26635 fails to specify the Project Manager must be a principal

officer or assistant to a department head.  Defendants failed to develop a position description to

make a Project Manager a direct report to a department head.  Defendants Ordinance is vague

and ambiguous with regard to classification of the Project Manager position as unclassified

service under the City Charter Section 6.1 Subsection (d).

4.49  Defendants reclassified Mr. Melvin from permanent classified to appointive.

Defendants arbitrarily designated Mr. Melvin's Project Manager classification as a project

position and as an appointive position without regard to the restrictions of the City Charter.

4.50  Defendants failed to provide Mr. Melvin any notice or opportunity to be heard that

he had been reclassified out of classified service.

4.51  Defendants failed to notify Mr. Melvin that they were changing his employment

contract from just cause termination to termination at-will.

4.52  Defendants failed to provide him any reversionary rights.  Defendants failed to

place him on unpaid leave as required by code.

4.53  Defendants failed to acknowledge his claims and provide him his requested

administrative relief of reinstatement.

4.54  Defendants treated him disparately from other civil servants who were placed on

unpaid leave of absence and then returned to classified service.

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

4.55  Defendants failed to provide proper training and supervision regarding civil service requirements that would have prevented the erroneous classification of Mr. Melvin and the denial of his reversionary rights.

4.56  Mr. Melvin engaged in constitutionally protected free speech when he rejected proposals to expand the Cheney Stadium Project to include expenditures not contemplated by the design build concept or the lease terms, specifically the City's promises to expend $30 million dollars to renovate the facility in a timely manner.  Mr Melvin engaged in constitutionally protected free speech when he spoke out and asked to present to the Council his justifications for expenditures that brought the project in within the budget.  Defendants wrongfully terminated him for speaking out and refusing to remain silent on issues of public concern.  Public use of resources are matter so public concern.

4.57  As a direct and proximate result of defendants misconduct, Mr. Melvin has been harmed all in an amount to be proven at the time of trial.

<u>42 U.S.C. § 1985</u>

4.58  Defendants acted in concert to deprive Mr. Melvin of his constitutionally protected rights to equal protection or equal privileges and immunities.

4.59  Defendants McKinley and Kingsolver conspired to convert Mr. Melvin to unclassified service for purposes of self promotion.  Defendants wanted employees working for them who would be silent and loyal, rather than outspoken and confident.  Defendants had a past practice within the engineering division of undermining civil service.  Defendants McKinley and Kingsolver did not want classified employees working for them.  They had a clear express animus towards merit system employment, a classification protected

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

under federal and state law.

4.60  Defendants terminated Mr. Melvin in violation of his rights.

4.61  As a direct and proximate result of defendants misconduct, Mr. Melvin has suffered

damages all in an amount to be proven at the time of trial.

## V.  PRAYER FOR RELIEF

Rick Melvin requests the following relief:

5.1  Injunctive and declaratory relief;

5.2  A writ of mandate restoring Mr. Melvin's civil service;

5.3  An award of all economic and non-economic damages caused by defendants;

5.4  An award of all general and special damages caused by defendants, to include

general pain and suffering and the emotional harm;

5.5  An award of pre-judgment and post-judgment interest at twelve percent on any

award;

5.6  An award of penalties and interest, RCW 49.52.070, 42 U.S.C. §§ 1983 & 1985;

5.7  An award of attorney's fees and costs, 42. U.S.C. § 1988, RCW 49.48.030; RCW

49.52.070;

5.8  A trial by jury of any factual issues; and

5.9  Any further and other relief as the court may determine is just and equitable.

Dated this 21st day of February, 2012.

III BRANCHES LAW, PLLC

Joan K. Mell, WSBA #21319
Attorney for Rick Melvin

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx

Complaint for Damages                    25

**VERIFICATION**

STATE OF WASHINGTON            )
                              ) ss.
County of Pierce               )

I, Rick Melvin, have read the above complaint and know the contents of the same to be true and correct.

Rick Melvin

III BRANCHES LAW, PLLC
Joan K. Mell
1033 Regents Blvd. Ste. 101
Fircrest, WA 98466
joan@3brancheslaw.com
253-566-2510 ph
281-664-4643 fx